**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

CTI COMMUNICATIONS.COM, L.L.C.,

Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff alleges:

1. Plaintiff CTI Communications.com, LLC ("CTI") is a Colorado limited liability company with its principal place of business in Larimer County, Colorado.

2. Defendant Travelers Casualty Insurance Company of America ("Travelers") is a Minnesota corporation with its principal place of business in New York County, New York.

**JURISDICTION AND VENUE**

3. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1), as this civil action is between citizens of different states with an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant as a corporation transacting business within the State of Colorado.

5. Venue is proper under 28 U.S.C. § 1391(b)(3) as personal jurisdiction is proper in Colorado.

## GENERAL ALLEGATIONS

6. On November 23, 2015, CTI and Travelers entered into a customized insurance policy ("the Policy") that provided certain coverages for CTI's general commercial liability, business owner liability, and several specialized interline and subline endorsements.

7. The Policy also includes a Coverage Amendment for Personal and Advertising Injuries, which modifies the standard general commercial liability provisions of the Policy and is provided on an occurrence basis.

8. CTI continuously maintained the Policy, making all required payments and executing all required renewals. The Policy continued in full force through January 11, 2017. A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

9. On February 19, 2019, Altigen Communications, LLC ("Altigen") filed a lawsuit in the United States District Court for the District of Colorado against CTI and its president Richard Browne, alleging causes of actions for (1) copyright infringement; (2) trademark infringement; (3) unfair competition; and (4) violation of the Colorado Consumer Protection Act ("the Lawsuit").

10. On April 19, 2019, Altigen amended its complaint in an attempt to clarify some of its allegations against CTI. A true and correct copy of the Amended Complaint, the operative pleading in the Lawsuit, is attached hereto and incorporated herein as **Exhibit B**.

11. Altigen's allegations arise from CTI's "authorized re-seller" status and CTI's right and ability to advertise and sell Altigen software and to use the Altigen trademark.

12. On May 3, 2019 CTI answered Altigen's amended complaint, denying liability under all of Altigen's claims.

13. The Lawsuit alleges that CTI's purported misconduct occurred in 2016, during which period the Policy was in full force and effect.

14. On March 20, 2019, CTI timely tendered the matter to Travelers and requested that Travelers defend CTI in the Lawsuit pursuant to Travelers' duty under the Policy to defend CTI against any suit for covered injuries.

15. On April 22, 2019, Travelers declined to defend CTI, claiming that the allegations made by Altigen were not covered under the Policy and that Travelers therefore had no duty to defend or indemnify.

16. On May 21, 2019, CTI, through counsel, provided its response to Travelers' declination to defend and requested that Travelers reverse its decision and defendant CTI in the Lawsuit.

17. On July 23, 2019, Travelers again declined to defend CTI.

18. Travelers premises its denial of coverage on its contention that Altigen's allegations do not fall within the Policy definition of enumerated "advertising injuries."

19. The Policy defines advertising injuries as an "injury, other than 'personal injury' caused by…infringement of copyright, 'title,' or 'slogan' in your 'advertisement'… [.]" The Policy further defines an "advertisement" as a

published notice "about your goods, products or services the purpose attracting customers or supporters."

20. Travelers has a duty to defend CTI related to an advertising injury, as defined by the Policy, arising out of any actual or alleged infringement of another's copyright.

21. The Lawsuit alleges, in relevant part, that CTI "infringed" on Altigen's "copyright" by "selling or offering to sell" copies of Altigen's software on CTI's website.

22. If one of Altigen's claims for relief is covered by the terms of the Policy, Travelers is under an obligation to defend the entire Lawsuit.

23. No policy exclusions apply to this matter.

24. Despite demand, Travelers continues to wrongfully deny coverage to CTI on the foregoing bases and to CTI's detriment.

### FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

25. CTI incorporates herein Paragraphs 1-24 of this Complaint as if specifically set forth.

26. A real and active controversy exists between the parties concerning whether Travelers has the obligation to provide a defense to and indemnify CTI. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

27. The parties' controversy is susceptible to immediate resolution and judicial enforcement by the court under 28 U.S.C. § 2201.

28. The issuance of declaratory relief will terminate all or most of the existing controversy between the parties.

**WHEREFORE**, CTI prays that the Court enter judgment in favor of CTI and against Defendants declaring that:

    A. The Policy was in full force and effect at all relevant times hereto;

    B. Travelers has an obligation to defend the Lawsuit, in compliance with its duties under the Policy and to pay all associated cost and fees of the subject litigation; and

    C. Travelers is financially responsible under the terms of the Policy to pay any damages found due and owing to Altigen by CTI in connection with the Lawsuit.

### SECOND CAUSE OF ACTION – BREACH OF CONTRACT

29. CTI incorporates herein Paragraphs 1-28 of this Complaint as if specifically set forth.

30. At all relevant times, CTI and Travelers were parties to a valid and binding agreement for the provision of insurance coverage.

31. No condition precedent exists to Travelers' obligation to provide coverage to CTI in compliance with the Policy.

32. CTI has failed and refused to provide coverage to CTI in compliance with its obligations under the Policy to do so, to CTI's detriment.

33. As a result of Travelers' breach, CTI has suffered damages in the form of litigation expenses and related costs and fees in the defense of the Lawsuit described herein.

**WHEREFORE**, CTI prays for damages related to the cost and expense of litigation of this Lawsuit, including for any damages found due and owing to

Altigen by CTI, in an amount to be specifically proven at trial, and any prejudgment interest as permitted by law.

## JURY DEMAND

34.     CTI hereby demands a trial by jury.

DATED this 16th day of August, 2019.

                          CTI COMMUNICATIONS.COM, L.L.C.,
                          Plaintiff

By:   s/ Beau B. Bump
      Beau B. Bump, #49659
      CLINE WILLIAMS WRIGHT
      JOHNSON & OLDFATHER, L.L.P.
      215 Mathews Street, Suite 300
      Fort Collins, CO 80526
      Telephone: (970) 221-2637
      Facsimile: (970) 221-2638
      Email: bbump@clinewilliams.com

      *and*

      Megan S. Wright (admission application forthcoming)
      CLINE WILLIAMS WRIGHT
      JOHNSON & OLDFATHER, L.L.P.
      Sterling Ridge
      12910 Pierce Street, Suite 200
      Omaha, NE 68144
      Telephone: (402) 397-1700
      Facsimile: (402) 397-1806
      Email: mwright@clinewilliams.com