**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 19-cv-2349-WJM-NYW

CTI COMMUNICATIONS.COM, LLC,

    Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Plaintiff CTI Communications.com, LLC's ("CTI") Partial Motion for Summary Judgment ("CTI's Motion") (ECF No. 27) and Defendant Travelers Casualty Insurance Company of America ("Travelers") Motion for Summary Judgment ("Travelers' Motion") (ECF No. 28).  For the reasons set forth below, Travelers' Motion is granted, and CTI's Motion is denied.

**I. BACKGROUND**

On August 16, 2019, CTI filed its operative Complaint in this case against Travelers.  (ECF No. 1.)  CTI asserts that Travelers has refused to honor its contractual obligation to defend CTI in a copyright and trademark infringement lawsuit ("Underlying Lawsuit") brought against it in this District by Altigen Communications, Inc. ("Altigen").  (*Id.*)  CTI seeks a declaratory judgment from this Court that, pursuant to CTI's insurance policy with Travelers ("Policy"), Travelers is contractually obligated to defend

CTI in the Underlying Lawsuit.  (*Id.*)  CTI also seeks damages for Travelers' alleged breach of the Policy.  (*Id.*)  The following facts are undisputed.

CTI is a Colorado limited liability company that, for a time, was an authorized reseller of Altigen's copyrighted telecommunications software.  (ECF No. 1 at 1.)  Travelers is a Minnesota insurance corporation.  (*Id.*)  In November 2015, CTI and Travelers entered into the Policy (a commercial liability insurance agreement), which had an effective period of January 11, 2016, to January 11, 2017.  (ECF No. 27 at 4–5.)  The Policy provides coverage for "advertising injuries," among other things.  (*Id.* at 5.)  Under the Policy, "advertising injuries" include injuries "caused by . . . [i]nfringement of copyright, 'title' or 'slogan' in [CTI's] 'advertisement,' provided that the claim is brought by a person or organization that claims ownership of such copyright, 'title,' or 'slogan.'"  (ECF No. 27-1 at 111.)  The Policy defines "advertisement" as

> notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition:
>
> a.  Notices that are published include material placed on the Internet or on similar electronic means of communication; and
>
> b.  Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

(*Id.* at 100.)

In February 2019, Altigen filed the Underlying Lawsuit against CTI, bringing claims for copyright and trademark infringement, among others.  (ECF No. 27 at 5.)  Altigen alleges that CTI's authorization to sell Altigen products was revoked sometime

in 2016, but thereafter, and while the Policy was in effect, CTI continued to sell Altigen software and advertise it on CTI's website, thereby infringing Altigen's intellectual property rights.  (*Id.* at 6.)  In March 2019, CTI demanded that Travelers defend it in the Underlying Lawsuit, and Travelers to date has refused to do so.  In April 2019, Altigen filed its operative amended complaint against CTI ("Underlying Complaint").  (*Id.*)

On January 15, 2020, the parties filed the instant Motions.  (ECF Nos. 27, 28.)  CTI seeks a ruling from the Court that, as a matter of law, Travelers is obligated to defend it in the Underlying Lawsuit.  Travelers in its Motion seeks the opposite: an order declaring that the Underlying Lawsuit does not trigger Travelers' obligation to defend CTI.  On February 12, 2020, the parties both filed their responses to each other's Motions.  (ECF Nos. 29, 30.)

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000).  The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## III.  ANALYSIS

The dispositive issue in this case is whether Altigen, in the copyright claim it brings against CTI in the Underlying Lawsuit, potentially has alleged that CTI inflicted on Altigen an "advertising injury," as the Policy defines that term.  The Court concludes in the negative, and accordingly finds that Travelers has no obligation to defend CTI in the Underlying Lawsuit.

Determining whether the Underlying Lawsuit triggers Travelers' duty to defend requires the Court to "consider whether the factual allegations in the underlying complaint trigger coverage under an insurance policy's terms." *Thompson v. Md. Cas. Co.*, 84 P.3d 496, 502 (Colo. 2004).  "The existence of a duty to defend against a particular claim is a question of law." *Apartment Inv. & Mgmt. Co. v. Nutmeg Ins. Co.*, 593 F.3d 1188, 1193 (10th Cir. 2010) (applying Colorado law).  "An insurer has a duty to defend where a complaint against its insured alleges any facts that might fall within the coverage of the policy, even if allegations only potentially or arguably fall within the policy's coverage." *Id.* (internal quotation marks omitted).  "[T]he duty to defend is designed to cast a broad net in favor of coverage and [ ] it must be construed liberally with a view toward affording the greatest possible protection to the insured." *Id.* (internal quotation marks omitted).

As an initial matter, the parties agree that merely advertising some copyright-infringing work for sale would not give rise to an advertising injury under the Policy. *See, e.g.*, *DISH Network Corp. v. Arch Specialty Ins. Co.*, 659 F.3d 1010, 1022 (10th Cir. 2011); *IDG, Inc. v. Cont. Cas. Co.*, 275 F.3d 916, 922 (10th Cir. 2001).  The parties also agree that, under the Policy, an advertising injury *does* arise when something "in"

the advertisement gives rise to the alleged injury.  For instance, the parties would presumably not dispute that, had Altigen alleged that CTI ran a TV advertisement in which it played a song copyrighted by Altigen, Travelers would have a duty to defend CTI in the Underlying Lawsuit.  This is because, in that hypothetical scenario, the copyright infringement literally takes place *in* the advertisement.

Under *Novell, Inc. v. Federal Insurance Company*, 141 F.3d 983 (10th Cir. 1998), the Court employs a two-part test in order to determine whether an advertising injury has potentially been alleged, thereby giving rise to Travelers' duty to defend.  Within this test, the threshold inquiry is whether Altigen has alleged that CTI committed one of the categories of offenses possibly giving rise to an advertising injury as described in the Policy.  *Id.* at 986.  In this respect, the parties focus their arguments solely on whether the Underlying Complaint alleges "[i]nfringement of copyright, 'title' or 'slogan' in [CTI's] 'advertisement[.]'"  The Court agrees with Travelers and concludes that it does not.

In the Underlying Complaint, Altigen argues that CTI has "violated Altigen's exclusive rights to its copyrighted works by selling and offering to sell copies of Altigen's copyrighted software without valid licenses for the use of that software." (ECF No. 28-2 at 6, ¶ 33 (emphasis added).)  Altigen claims, in other words, that CTI sold its software without authorization and thereby violated Altigen's exclusive right to distribute and market that software.  *See* 17 U.S.C. § 106 (enumerating a copyright holder's exclusive rights).  CTI emphasizes, however, that Altigen also includes the phrase "*offering* to sell" (emphasis added) within its copyright infringement allegations.  CTI seizes on these three words to characterize the Underlying Complaint as alleging that CTI's

5

website advertisement of Altigen's software *itself* constitutes a violation of Altigen's copyrights on its software. Because (according to CTI's interpretation of "offering to sell") Altigen claims that the very act of advertising Altigen's software without a license infringes the copyrights on that software, CTI argues that the Underlying Complaint alleges "[i]nfringement of copyright . . . *in* [CTI's] advertisement" (ECF No. 27-1 at 110 (emphasis added)), sufficient to trigger Travelers' duty to defend under the Policy.

In the Court's view, Altigen's allegation that CTI infringed its copyrights by "offering to sell" its software is insufficient as a matter of law to raise the possibility that Travelers could be obligated to indemnify CTI for an advertising injury, as that term is defined in the Policy. Even to the extent Altigen has claimed that the act of advertising its copyrighted software without a license is itself a violation of those copyrights, Altigen plainly has *not* alleged that the copyright infringement is "in" the advertisement at issue. Indeed, given that the product at issue is telecommunications software, it is difficult to imagine how such software could possibly be utilized in the creation of an internet advertisement for that software.[1]

Indeed, taken in context of the Underlying Complaint in its entirety, the gravamen of Altigen's copyright claim is quite clearly that CTI has continued to sell Antigen's copyrighted software despite its authorization to do so having expired. There is no mention whatsoever of this software being used *in* the advertisement itself—nor is there

---

[1] Copyright protection for computer software usually only extends to source code. *See Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 836 (10th Cir. 1993). If Altigen meant to say that CTI's advertisements (implausibly) included snippets of Altigen's copyright-protectable source code, so the advertisements themselves infringed a copyright, Altigen surely would have said so, rather than rolling this entire concept into the ambiguous phrase "offering to sell."

any legal theory set forth as to how the advertisement itself otherwise infringes any copyrights.  *Cf. DISH*, 659 F.3d at 1022; *IDG*, 275 F.3d at 922; *Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 971 (9th Cir. 1994).

By contrast, it is clear Altigen *does* claim that CTI's advertisement itself (as opposed to the actual sale of the software) infringes on its *trademark*, because the "Altigen" mark can be seen *in the advertisement*.  (ECF No. 28-2 at 6–8.)  Had a trademark violation been a predicate act for an advertising injury as outlined in the Policy, Travelers manifestly would have a duty to defend CTI in the Underlying Lawsuit on that basis.

In sum, although the duty defend should be construed broadly, *Apartment Inv. & Mgmt.*, 593 F.3d at 1193, it is clear on the facts of this case that the phrase "offering to sell" in the Underlying Complaint does not even arguably allege that CTI infringed Altigen's copyright "in" CTI's website advertisement of Altigen's software.  Accordingly, the Policy could not obligate Travelers to indemnify CTI for any injury arising out of Altigen's copyright claim against CTI, and Travelers is entitled to judgment in its favor on all claims.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff CTI's Motion for Partial Summary Judgment (ECF No. 27) is DENIED;
2. Defendant Travelers' Motion for Summary Judgment (ECF No. 28) is GRANTED;
3. The Clerk of Court shall enter judgment in favor of Defendant Travelers and against Plaintiff CTI on all claims brought in this action and shall terminate this case; and

4.      Travelers shall have its costs upon compliance with D.C.COLO.LCivR 54.1.

Dated this 25th day of June, 2020.

BY THE COURT:

William J. Martinez
United States District Judge